IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians, and staff; BOSSIER CITY MEDICAL SUITE, on behalf of its patients, physicians, and staff; JOHN DOE 1, M.D.; JOHN DOE 2, M.D.; and JOHN DOE 3, M.D., <br><br> Plaintiffs, <br><br> v. <br><br> REBEKAH GEE, in her official capacity as Secretary of the Louisiana Department of Health and Hospitals; JEFF LANDRY, in his official capacity as Attorney General of Louisiana; J. MICHAEL BURDINE, MD, in his official capacity as President of the Louisiana State Board of Medical Examiners; JAMES E. STEWART, SR., in his official capacity as District Attorney for Caddo Parish; and J. SCHUYLER MARVIN, in his official capacity as District Attorney for Bossier and Webster Parishes, <br><br> Defendants. | Case No. |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER

In this case, Plaintiffs seek to enjoin Defendants from enforcing seven bills restricting abortion passed by the Louisiana Legislature during its 2016 Regular legislative session: Louisiana House Bill 1081, Regular Session (2016) (Act 264), to be codified at La. Rev. Stat. § 40:1061.1.1 ("H.B. 1081"); Louisiana House Bill 1019, Regular Session (2016) (Act 563), to be codified at La. Rev. Stat. § 40:1061.1.1 ("H.B. 1019"); Louisiana House Bill 815, Regular Session (2016) (Act 593), to be codified at La. Rev. Stat. § 40:1061.25 ("H.B. 815");

Louisiana Senate Bill 33, Regular Session (2016) (Act 196), to be codified at La. Rev. Stat. § 14:87.3 ("S.B. 33"); Louisiana House Bill 386, Regular Session (2016) (Act 97), to be codified at La. Rev. Stat. §§ 40:1061.10(D)(2), 40:1061.16(B), 40:1061.17(B)(3), (4)(b), (5)-(6), and (8), and 40:1061.18(D) ("H.B. 386"); Louisiana House Bill 488, Regular Session (2016) (Act 98), to be codified at La. Rev. Stat. § 40:1061.10(A)(1) ("H.B. 488"); and, Louisiana House Bill 606, Regular Session (2016) (Act 304), to be codified at La. Rev. Stat. §§ 40:1061.6(A) and 36:21 ("H.B. 606") (collectively, the "2016 Acts"). Certain Plaintiffs are licensed physicians and abortion providers who bring claims on behalf of themselves and their patients. Because abortion providers are often targets of harassment, intimidation, and violence, Plaintiff John Doe 1, M.D., Plaintiff John Doe 2, M.D., and Plaintiff John Doe 3 M.D. (collectively, the "Doctors") reasonably fear disclosing their identities in the public realm. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Doctors respectfully move this Court for a protective order placing their identities under seal and permitting them to proceed in this litigation using pseudonyms.[1]

## BRIEF STATEMENT OF FACTS

This is an injunction action by (i) June Medical Services LLC, d/b/a Hope Medical Group for Women, on behalf of its patients, physicians, and staff; (ii) Bossier City Medical Suite, on behalf of its patients, physicians, and staff; (iii) John Doe 1, M.D., on behalf of himself and his patients, (iv) John Doe 2, M.D., on behalf of himself and his patients, and (v) John Doe 3, M.D.,

---

[1] Plaintiffs have provided a proposed protective order. As this memorandum and the proposed order make clear, Plaintiffs do not object to disclosing their identities to the Court, and to the Defendants and their counsel, to allow them to prepare a defense and to propound discovery, if necessary, provided that such disclosure is subject to adequate protection to prevent further disclosure of their identities.

2

on behalf of himself and his patients, to enjoin Defendants from enforcing the 2016 Acts, which individually and collectively violate the U.S. Constitution.

The Doctors fear that, if their identities are disclosed in this matter, then the Doctors and their families will be exposed to harassment, intimidation, and violence. Declaration of John Doe 1, M.D., dated June 30, 2016 ("Doe 1 Decl."), ¶¶ 3-6; Declaration of John Doe 2, M.D., dated June 30, 2016 ("Doe 2 Decl."), ¶¶ 3-7; Declaration of John Doe 3, M.D., dated June 30, 2016 ("Doe 3 Decl."), ¶¶ 3-8. This fear is based on a history of harassment, intimidation, and violence against abortion providers in the United States generally and in Louisiana in particular. Doe 1 Decl. ¶ 3; Doe 2 Decl. ¶¶ 3-4; Doe 3 Decl. ¶¶ 3-5. At least four abortion doctors have been killed since 1993: Dr. David Gunn of Pensacola, Florida (1993); Dr. John Britton of Pensacola, Florida (1994); Dr. Barnett Slepian of Amherst, New York (1998); and Dr. George Tiller of Wichita, Kansas (2009).[2] A few months ago, an intruder entered a Planned Parenthood abortion clinic in Colorado Springs, Colorado, and shot twelve people, killing three of them.[3]

## DISCUSSION

This Court has discretion to enter a protective order to maintain the confidentiality of the Doctors' identities. *See* Fed. R. Civ. P. 26(c). In this Circuit, there is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981) (reversing district court's denial of protective order to plaintiffs challenging the constitutionality of prayer and Bible reading exercises in a public school).

---

[2] *See* NARAL Pro-Choice Am. Found., *Anti-Choice Violence and Intimidation* (Jan. 1, 2010), *available at* http://www.prochoiceamerica.org/assets/files/abortion-access-to-abortion-violence.pdf.

[3] *See Planned Parenthood shooting suspect in court: "I am a warrior for the babies,"* Times-Picayune (Dec. 9, 2015), *available at* http://www.nola.com/crime/index.ssf/2015/12/planned_parenthood_shooting_su_1.html.

Rather, "[t]he decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* To the extent that the following factors are present in a particular case, they "deserve considerable weight": whether plaintiffs are "suing to challenge governmental activity"; whether the suit required plaintiffs to "disclose information 'of the utmost intimacy'"; and whether the suit required plaintiffs "to admit their intention to engage in illegal conduct." *Id.* at 185-86 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979)).

This case involves all three factors that the Court in *Doe* found deserving of particular significance. First, the Doctors, like the *Doe* plaintiffs, challenge governmental action and, in particular, governmental action related to highly private matters: in *Doe*, that private matter was religion; here, it is abortion. *Cf. Doe*, 653 F.2d at 186. Second, by disclosing that they perform abortions, the Doctors, like the *Doe* plaintiffs, have "made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior." *Id.* ("We emphasize . . . the showing of possible threatened harm and serious social ostracization based upon militant religious attitudes . . . ."). The Doctors' declarations demonstrate that they "may expect extensive harassment and perhaps even violent reprisals if their identities are disclosed [publicly]." *Id.*; *see also* Doe 1 Decl. ¶¶ 3-6; Doe 2 Decl. ¶¶ 3-7; Doe 3 Decl. ¶¶ 3-8. Third, the Doctors are engaging in conduct—including performing the abortions using methods prohibited by H.B. 815 and H.B. 1081—that would be illegal should the 2016 Acts take effect. This Court, like the Fifth Circuit in *Doe*, should find that these factors "tip the balance against the customary practice of judicial openness." *Doe*, 653 F.2d at 186.

Because abortion providers and women seeking abortions are often the targets of harassment, intimidation, and violence, courts, including in this District, routinely enter protective orders to safeguard the identities of such individuals who fear for their safety and well-being. *E.g.*, *Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973); *June Med. Servs. v. Caldwell*, No. 14-CV-525 JWD-RLB (Aug. 28, 2014) (ECF No. 24) (attached to Pls.' Mot. for Protective Order as Ex. A); *Jackson Women's Health Org. v. Currier*, No. 12-CV-436 (S.D. Miss. May 22, 2013) (ECF No. 98); *Hope Med. Grp. for Women v. Caldwell*, No. 10-CV-0511-RET-SCR (M.D. La. Aug. 9, 2010) (ECF No. 9); *K.P., M.D. v. LeBlanc*, No. 07-CV-0879- RET-SCR (M.D. La. Jan. 7, 2008) (ECF No. 24); *Choice, Inc. of Tex. v. Graham*, 226 F.R.D. 545 (E.D. La. 2005) (granting plaintiff's motion to proceed pseudonymously when raising the "right to choose and seek abortion services, a quintessentially private matter," and noting that plaintiffs, "by filing suit, made revelations about their personal beliefs and practices which may invite a hostile reaction from the public."); *Victoria W. v. Larpenter*, No. 00-1960, 2001 WL 406334 (E.D. La. Apr. 17, 2001); *Sojourner v. Roemer*, 772 F. Supp. 930 (E.D. La. 1991), *aff'd*, 974 F.2d 27 (5th Cir. 1992).

The Doctors here have received numerous physical and verbal threats to their lives, necessitating involvement from both local police and the FBI. Doe 2 Decl. ¶¶ 3-4; Doe 3 Decl. ¶¶ 3-5; *see also June Medical Servs., LLC v. Kliebert*, --- F. Supp. 3d ----, 2016 WL 320942 (M.D. La. 2016) (finding Doe 2 "has received threatening phone calls, has been followed into restaurants and accosted, and has been shouted at with profanity and told that he was going to hell"). For these exact reasons, the Middle District of Louisiana, in an ongoing, related challenge to a Louisiana abortion restriction, has granted a protective order allowing the Doctors to proceed anonymously in litigation. Ex. A at 3 ("The Court is satisfied that the potential for harassment,

intimidation and violence in this case, particularly in light of the past and present instances of such conduct both nationwide and in Louisiana, justifies the unusual and rare remedy of allowing the individual Plaintiffs to proceed anonymously."). Plaintiffs have filed the present case as related to this prior challenge pursuant to Local Civil Rule 3, and for the same reasons, a protective order is appropriate here as well.

Given the substantial need to protect the Doctors' privacy and the strong precedent for protecting the identity of abortion providers like the Doctors, the Court should allow them to proceed in this matter using pseudonyms.

## CONCLUSION

For the reasons stated above, the Doctors respectfully request that the Court enter the proposed protective order to safeguard their true identities.

Dated:  July 1, 2016                                   Respectfully submitted,

*/s/*    *William E. Rittenberg*

William E. Rittenberg
Louisiana State Bar No. 11287
RITTENBERG, SAMUEL AND PHILLIPS, LLC
715 Girod St.
New Orleans, LA 70130-3505
(504) 524-5555
rittenberg@rittenbergsamuel.com

Janet Crepps*
David Brown*
Zoe Levine*
Molly Duane*
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(864) 962-8519
jcrepps@reprorights.org

David Scannell*
MORRISON & FOERSTER LLP

6

2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
(202) 887-1500
dscannell@mofo.com

*Attorneys for Plaintiffs June Medical Services LLC d/b/a Hope Medical Group for Women, Bossier City Medical Suite, John Doe 1, M.D., John Doe 2, M.D., and John Doe 3, M.D.*

\*A*dmission pro hac vice pending*