**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians, and staff; JOHN DOE 1, M.D.; JOHN DOE 2, M.D., and JOHN DOE 3, M.D., <br><br>              Plaintiffs, <br><br> v. <br><br> REBEKAH GEE, in her official capacity as Secretary of the Louisiana Department of Health; JEFF LANDRY, in his official capacity as Attorney General of Louisiana; JAMES E. STEWART, SR., in his official capacity as District Attorney for Caddo Parish; and JAY DARDENNE, in his official capacity as Commissioner of the Division of Administration of Louisiana, <br><br>              Defendants. | Case No. 3:16-cv-444-BAJ-RLB |

**STATUS REPORT**

**A.      JURISDICTION**

Plaintiffs assert that this Court has subject matter jurisdiction over their claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4). Plaintiffs further assert that their action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

Defendants moved to dismiss several of Plaintiffs claims for failure to plead an Article III case or controversy, and those motions have been decided by the Court. Defendants reserve their right to contest subject matter jurisdiction at summary judgment, at trial, on appeal, or at any other appropriate juncture.

B.  **BRIEF EXPLANATION OF THE CASE**

1. Plaintiffs challenge six separate measures enacted by the Louisiana Legislature in 2016, as well as two regulations adopted to implement some of those measures. Plaintiffs claim the Acts, both individually and through their cumulative impact, are unconstitutional because they violate the substantive due process and/or equal protection rights of Plaintiffs and their patients. Plaintiffs seek declaratory and injunctive relief as to all of the challenged Acts.

2. Defendants will file an Answer in this case simultaneously with the filing of the instant Status Report. Defendants deny each of Plaintiffs' claims and further reserve the right to raise additional defenses.

C.  **PENDING MOTIONS**

Unopposed Motion to Dismiss Defendant J. Schuyler Marvin.

Defendants intend to seek an interlocutory appeal under 28 U.S.C. § 1292(b) from this Court's denial of their motion to dismiss Count III of Plaintiffs' complaint (addressing HB 1019).

D.  **ISSUES**

Plaintiffs assert that the six Acts and two regulations, individually and cumulatively, unduly burden their patients' access to abortion and violate their equal protection rights, and that the bills also violate Plaintiffs' due process and equal protection rights.

Defendants contest all of Plaintiffs' claims and reserve the right to dispute Plaintiffs' factual allegations.

E.  **DAMAGES**

Plaintiffs are not seeking damages in this action.

**F.   SERVICE:**

All parties have been served. There are no unresolved issues as to waiver or service of process, personal jurisdiction, or venue.

**G.   DISCOVERY**

1. Initial Disclosures:

    A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ] YES    [ X ] NO

    B. Do any parties object to initial disclosures?

    [ ] YES    [ X ] NO

2. Briefly describe any discovery that has been completed or is in progress:

    By plaintiff(s): none

    By defendant(s): none

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.

    On July 12, 2016, this Court entered a Protective Order permitting the Doctor Plaintiffs to proceed under pseudonym. Dkt. No. 12. Plaintiffs intend to move for a broader protective order and will seek consent of Defendants.

4. Discovery from experts:

    Identify the subject matter(s) as to which expert testimony will be offered:

    The parties respectfully request the opportunity to identify the subject matter of testimony to be offered by expert witnesses, if any, by the deadline provided in § H(4), infra.

H.     **PROPOSED SCHEDULING ORDER**

　　　　Plaintiffs propose the following schedule for discovery:

1p.　　If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: January 22, 2018.

2p.　　Recommended deadlines to join other parties or to amend the pleadings: February 5, 2018.

3p.　　Filing all discovery motions and completing all discovery except experts: June 1, 2018.

4p.　　Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

　　　　Plaintiff(s): August 1, 2018.

　　　　Defendant(s): August 1, 2018.

5p.　　Exchange of expert reports:

　　　　Plaintiff(s): September 4, 2018.

　　　　Defendant(s): September 4, 2018.

　　　　Rebuttal: November 1, 2018

6p.　　Completion of discovery from experts: January 4, 2019.

7p.　　Filing dispositive motions and Daubert motions: February 15, 2019.

Defendants are amenable to the above schedule if this Court prefers that all claims at issue in this case be consolidated for discovery and trial. However, Defendants propose in the alternative that this case be bifurcated and that the following two components of Plaintiffs' claims be subject to separate discovery and trial: (1) Plaintiffs' claims as to HB 1081 (Counts I and II), and (2)

Plaintiffs' cumulative effects claim (Count XI). Defendants propose that discovery as to those claims be postponed, while the remaining claims proceed to discovery immediately.

In the event this Court elects to bifurcate discovery, Defendants propose the following schedule for discovery as to Plaintiffs' remaining claims:

1d. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline: January 22, 2018.

2d. Recommended deadlines to join other parties or to amend the pleadings: February 5, 2018.

3d. Filing all discovery motions and completing all discovery except experts: May 31, 2018.

4d. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

Plaintiff(s): March 30, 2018.

Defendant(s): March 30, 2018.

Rebuttal: May 31, 2018.

5d. Exchange of expert reports:

Plaintiff(s): April 30, 2018.

Defendant(s): April 30, 2018.

Rebuttal: June 29, 2018

6d. Completion of discovery from experts: August 31, 2018.

   7d.  Filing dispositive motions and Daubert motions: <u>September 28, 2018</u>.

Defendants propose that the parties file a status report as to discovery on Counts I, II, and XI within 30 days after the Fifth Circuit's decision in the pending Texas case.

On this issue, Defendants assert as follows:

  Plaintiffs' claims as to HB 1081 are essentially identical to those in a pending challenge against Texas' dismemberment abortion statute. The U.S. District Court for the Western District of Texas recently issued a final judgment enjoining that statute after a five-day bench trial in which abortion providers were represented by some of Plaintiffs' counsel in this case. *See Whole Woman's Health v. Paxton*, No. A-17-CV-690-LY, 2017 WL 5641585 (W.D. Tex. Nov. 22, 2017). That case is now on appeal to the Fifth Circuit. Defendants anticipate that the Fifth Circuit's decision may resolve some of the factual and legal questions relevant to Plaintiffs' claims as to HB 1081, and may obviate significant portions of discovery and trial in this case.

  The bulk of discovery in this case — and particularly expert discovery — will likely be focused on Plaintiffs' challenge to HB 1081 as opposed to the other five statutes. Some of Plaintiffs' claims against the other five statutes may be resolved as a matter of law, without extensive discovery. Postponing extensive discovery that may prove unnecessary will make discovery as to the remaining statutes shorter and more efficient.

  It will also make trial more manageable. The experience of *Whole Woman's Health* indicates that at least one week will likely need to be devoted to the HB 1081 trial alone. Postponing issues related to HB 1081 will shorten trial on the remaining five statutes. In addition, waiting for the Fifth Circuit's guidance on Texas's dismemberment abortion statute may simplify

the issues remaining for trial on HB 1081. Trial as to Plaintiffs' cumulative effect claim should wait until trial on all other claims is complete or in progress.

It does not appear that prejudice to Plaintiffs will result from postponing discovery on HB 1081, as the statute will not be enforced while this case is pending. *See* Doc. 14-1. Although some additional discovery may be necessary as to HB 1081 at the appropriate time, Defendants are willing to reach stipulations with Plaintiffs that minimize duplication of discovery. Defendants believe that any duplication of discovery will be outweighed by (1) improved efficiency of holding two trials instead of one, and (2) simplification of issues after the Fifth Circuit's decision.

On this issue, Plaintiffs assert as follows:

Bifurcation of discovery and trial in this matter, as proposed by Defendants, would result in duplication of efforts and increased costs, prolonging the case unnecessarily rather than promoting efficient resolution of the legal and factual questions presented. Defendants suggest that discovery and trial be divided into two phases, but those two phases involve overlapping discovery and overlapping evidence, resulting in inefficiency for the parties and the Court. For example, certain fact and expert witnesses would likely be involved in both phases, leading to two depositions and repeated trial testimony. Plaintiffs believe the overlapping issues of fact and law among many of their claims necessitate a unified schedule and a single trial. Plaintiffs also disagree with Defendants' assertion that some of their claims can be resolved as a matter of law; rather, discovery will be needed as to each of the six statutes, as well as their cumulative effect, and further believe that trial will be necessary on all of their claims.

Furthermore, as pled, Plaintiffs' cumulative undue burden claim aims to demonstrate the ways in which the challenged laws operate in conjunction to impose an undue burden on women's

access to abortion in Louisiana. Bifurcating the cumulative undue burden claim and the claims against HB 1081 into a separate phase for discovery and trial would undermine Plaintiffs' ability to discover and present evidence in the most logical fashion given the nature of the factual and legal assertions.

Furthermore, Defendants' proposed schedule would not achieve its stated aims. Defendants' proposal calls for the parties to develop a discovery schedule on Counts I, II, and XI 30 days after the Fifth Circuit's decision in the pending Texas case. If Defendants' goal is to await guidance on the issues involved in the challenge to HB 1081, then it would be necessary to wait until all appeals were exhausted, including Fifth Circuit en banc proceedings, a highly likely certiorari petition, and possibly Supreme Court review. Under Defendants' proposed bifurcated approach, merely waiting for a three-judge panel decision would not provide the guidance Defendants seek, and waiting for a final appeal could extend the discovery and trial schedule for months or years, and create a long gap between two trials on overlapping matters. Neither approach is practicable. Parties routinely litigate matters while cases presenting similar issues are making their way through appellate courts, and district courts routinely hear and decide such matters. A similar situation confronted these same parties in the case challenging Louisiana's admitting privileges statute, which was identical to the one from Texas struck down by the Supreme Court. The parties proceeded through discovery and trial, and the district court rendered a decision, despite the pendency of key related issues in the appellate courts. The fact that the Fifth Circuit and Supreme Court may eventually render decisions on a similar law is not a sufficient basis on which to delay the efficient adjudication of the present action.

Under Rule 16(a) governing pretrial conferences, this Court has the discretion to control case scheduling to ensure the "case will not be protracted because of lack of management," and

"discourage[e] wasteful pretrial activities." Fed. R. Civ. Proc. 16(a)(2), (3). The unusual schedule proposed by Defendants, and the duplication and inefficiency it would lead to, frustrates these goals.

8. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

   a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

   b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

   c. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

   d. Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

   e. Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

   f. Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I.   TRIAL**

1. Has a demand for trial by jury been made?

[ ] YES    [ X ] NO

2. Estimate the number of days that trial will require.

The parties are not yet able to make a reasonable estimate of the number of days that trial will require. The parties respectfully request an opportunity to make this estimate once the number of expert witnesses, if any, have been identified.

**J.   OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

[ X ] YES    [ ] NO

i. If the answer is *yes*, please explain:

The parties respectfully request that the Court address the question of whether bifurcation of discovery and trial is appropriate, as outlined above.

ii. If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?  **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ ] YES    [ X ] NO

K.  **SETTLEMENT**

1.  Please set forth what efforts, if any, the parties have made to settle this case to date.

    As this is an action seeking to enjoin and declare unconstitutional state statutes, the parties do not deem settlement likely.

2.  Do the parties wish to have a settlement conference:

    [ ] YES    [X] NO

L.  **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES    [X] NO

Report dated: December 22, 2017

　　　　　　　　　　　　　　　　　　　　　　 /s/   *Charles M. (Larry) Samuel, III*
　　　　　　　　　　　　　　　　　　　　　　Charles M. (Larry) Samuel, III
　　　　　　　　　　　　　　　　　　　　　　Louisiana State Bar No. 11678
　　　　　　　　　　　　　　　　　　　　　　RITTENBERG, SAMUEL AND PHILLIPS, LLC
　　　　　　　　　　　　　　　　　　　　　　715 Girod St.
　　　　　　　　　　　　　　　　　　　　　　New Orleans, LA 70130-3505
　　　　　　　　　　　　　　　　　　　　　　(504) 524-5555
　　　　　　　　　　　　　　　　　　　　　　samuel@rittenbergsamuel.com

　　　　　　　　　　　　　　　　　　　　　　Janet Crepps*
　　　　　　　　　　　　　　　　　　　　　　Zoe Levine*
　　　　　　　　　　　　　　　　　　　　　　Molly Duane*
　　　　　　　　　　　　　　　　　　　　　　CENTER FOR REPRODUCTIVE RIGHTS
　　　　　　　　　　　　　　　　　　　　　　199 Water St., 22nd Floor
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10038
　　　　　　　　　　　　　　　　　　　　　　(864) 962-8519
　　　　　　　　　　　　　　　　　　　　　　jcrepps@reprorights.org

　　　　　　　　　　　　　　　　　　　　　　Dimitra Doufekias*
　　　　　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP

2000 Pennsylvania Avenue, NW
Suite 6000
Washington, DC 20006-1888
(202) 887-1500
ddoufekias@mofo.com

*Counsel for Plaintiffs*

*Admitted pro hac vice


 /s/    Elizabeth B. Murrill
Elizabeth B. Murrill
Solicitor General
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6766
murrille@ag.louisiana.gov

S. Kyle Duncan
kduncan@Schaerr-Duncan.com
Stephen S. Schwartz (pro hac vice)
sschwartz@Schaerr-Duncan.com
SCHAERR | DUNCAN LLP
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 714-9492

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on this 22nd day of December, 2017, I electronically filed a copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

      /s/ Zoe Levine
      Zoe Levine