# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES LLC, ET AL. | CIVIL ACTION |
| VERSUS | |
| REBEKAH GEE, ET AL. | NO.: 16-00444-BAJ-RLB |

## RULING AND ORDER

Before the Court is the **Motion for Interlocutory Appeal (Doc. 89)** filed by Defendants in this action. Defendants seek interlocutory review of the portion of the Court's ruling that found a claim challenging H.B. 1019, which mandates that doctors provide an informational document concerning fetal genetic abnormities to women seeking abortions, ripe for adjudication. (Doc. 89 at p. 1). For the reasons that follow, the motion is **DENIED**.

I. BACKGROUND

Plaintiffs, doctors and a clinic that provide abortion services, filed a lawsuit challenging recently enacted laws by the Louisiana Legislature that address the provision of abortion services within the state. (Doc. 84 at p. 3). The Court issued a ruling on three motions to dismiss filed by Defendants. (*Id.* at p. 1). Relevant to the motion *sub judice*, the Court found that Plaintiffs' claims concerning H.B. 1019's mandate that women receive an informational document concerning fetal genetic abnormities could proceed. (*Id.* at p. 25).

## II. LEGAL STANDARD

To certify a ruling for interlocutory review, a court must find that its ruling "[1] involves a controlling question of law as to which [2] there is a substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Fifth Circuit strictly construes the requirements of § 1292(b), and all three criteria must be met before the court may certify an interlocutory appeal. *See Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981); *Ala. Labor Council v. Alabama*, 453 F. 2d 922, 924 (5th Cir. 1972). "The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals"; therefore, interlocutory appeals are "exceptional." *Clark–Dietz & Assocs.–Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).

## III. DISCUSSION

### A. Controlling Question of Law

The ripeness of Plaintiff's challenge to H.B. 1019 is a question of law, but it is a closer question whether the issue is controlling. "[R]esolution of an issue need not necessarily terminate an action in order to be controlling . . . . Whether an issue of law is controlling usually 'hinges upon its potential to have some impact on the course of the litigation.'" *United States v. La. Generating L.L.C.*, No. 09-cv-100, 2012 WL 4588437, at *1 (M.D. La. Oct. 2, 2012) (quoting *Tesco v. Weatherford Int'l, Inc.* 722 F. Supp. 2d 755, 7666 (S.D. Tex. 2010)). However, this ruling's impact on the course of the litigation is slight because terminating any one claim in this complex

2

constitutional challenge will have only a marginal impact on the course of proceedings. Moreover, the Louisiana Department of Health ("LDH")[1] is presumably working towards it obligation under the law to develop and promulgate the informational document. (Doc. 22-2 at p. 3 ll. 24–30). When that document is promulgated, it will likely moot Defendants' ripeness challenge. Therefore, it is unclear what—if any—impact on the litigation certification of this interlocutory question would have.

### B. Substantial Ground for a Difference of Opinion

"Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Mitchell v. Hood*, 13-5875, 2014 WL 1764779, at *5 (E.D. La. May 2, 2014) (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010)). At this point in the litigation, the only holding by the Court on this issue is that the claim is ripe for adjudication and may proceed. (Doc. 84 at p. 25). Although Defendants undoubtedly disagree with the Court's resolution of the ripeness issue, the ripeness doctrine is well established. Disagreement with the Court's ruling is insufficient to establish a substantial ground for a difference of opinion. *See Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N. D. Tex. 2006).

---

[1] LDH was formerly known as the Louisiana Department of Health and Hospitals.

### C. Materially Advance Ultimate Termination of the Litigation

Even assuming that the Court's ruling on H.B. 1019 is a controlling question of law about which there is a substantial ground for a difference of opinion, an immediate appeal from the order would not materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). At best, an interlocutory appeal would resolve just one of many issues in this litigation. Regardless of the outcome of the proposed interlocutory appeal, this action will proceed through extensive discovery, summary judgment, a potential trial, and an almost inevitable appeal. Therefore, interlocutory review would not "speed up the litigation," which is a key consideration in any decision to certify an appeal under § 1292(b). *Ryan*, 444 F. Supp. 2d at 723 (quoting *Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000)). Granting interlocutory review on just one issue in this case would impede, not speed up, termination of this litigation.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion for interlocutory appeal (Doc. 89) is **DENIED**.

Baton Rouge, Louisiana, this 22nd day of February, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**