UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUNE MEDICAL SERVICES, LLC, d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians, and staff, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-444-BAJ-RLB** |
| **REBEKAH GEE, in her official capacity as Secretary of the Louisiana Department of Health, ET AL.** | |

## ORDER

Before the Court is Defendants' Motion to Compel Response to Subpoena to Delta Clinic of Baton Rouge (R. Doc. 111) filed on May 4, 2018. The deadline for filing any response to the instant motion has expired. LR 7(f).

Defendants seek an order compelling the production of documents by the non-party Delta Clinic of Baton Rouge ("Delta") pursuant to a Rule 45 subpoena, which seeks compliance in Baton Rouge, Louisiana. (R. Doc. 111-2). Defendants represent that they served the subpoena on March 5, 2018. (R. Doc. 111-1 at 1; *see* R. Doc. 111-4). Defendants further represent that they did not receive objections to the subpoena within 14 days of service as required by Rule 45(d)(2)(B). (R. Doc. 111-1 at 1-2). The record indicates that defense counsel have made several attempts to obtain responses to the subpoena without court intervention. (*See* R. Doc. 115-5).

Rule 45 provides that "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The Court may not order compliance with a subpoena under Rule 45 unless the subpoenaed party and the parties to the action have first been provided notice of the motion to compel. *See*, *e.g.*, *Shaw Grp., Inc. v. Zurich Am. Ins.*

Albert A. Thibodeaux

*Co.*, No. 12-257, 2014 WL 68604, at *1 (M.D. La. Jan. 8, 2014), *reconsideration denied*, 2014 WL 204244 (M.D. La. Jan. 17, 2014).

Defense counsel has certified that on or before May 4, 2018, a copy of the instant motion was "served on the following counsel for Delta by Federal Express: Albert A. Thibodeaux, Davillier Law Group, LLC, 935 Gravier Street, Suite 1702, New Orleans, LA 70112." (R. Doc. 111 at 2).

Given the foregoing, as well as the apparent communication between Delta's attorney and defense counsel prior to the filing of the motion, it is unclear why Delta did not timely file a response to the instant motion. Having reviewed the nature of the information sought pursuant to the subpoena, the Court will provide Delta with a brief extension of the deadline to respond to the instant motion.

Based on the foregoing,

**IT IS ORDERED** that Delta must file any response to the instant motion on or before **June 8, 2018.** Any response filed into the record must include a certification by Mr. Thibodeaux indicating the efforts to respond to the instant subpoena and motion. Failure to file a response within the foregoing deadline will result in the waiver of any objections to the subpoena.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail a copy of this order to Albert A. Thibodeaux, Davillier Law Group, LLC, 935 Gravier Street, Suite 1702, New Orleans, LA 70112.

**IT IS FURTHER ORDERED** that defense counsel shall send a copy of this order to Mr. Thibodeaux to his email address found in the record: athibodeaux@davillierlawgroup.com.

Signed in Baton Rouge, Louisiana, on June 4, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**