UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES, LLC, d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians, and staff, ET AL.<br><br>VERSUS<br><br>REBEKAH GEE, in her official capacity as Secretary of the Louisiana Department of Health, ET AL. | CIVIL ACTION<br><br>NO. 16-444-BAJ-RLB |

# ORDER

Before the Court is Defendants' Second Motion to Compel (R. Doc. 121) filed on May 29, 2018. Plaintiffs filed their Opposition (R. Doc. 134) on June 11, 2018, and Defendants filed their Reply (R. Doc. 144) on June 14, 2018. Oral argument was held on September 20, 2018. (R. Doc. 191).

## I.     Background

Plaintiffs initiated this litigation with the filing of their Complaint (R. Doc. 1) on July 1, 2016. They filed a First Amended Complaint for Declaratory and Injunctive Relief (R. Doc. 22) on December 16, 2016, and a Second Amended Complaint for Declaratory and Injunctive Relief (R. Doc. 88) on December 8, 2017. Defendants filed their Answer (R. Doc. 90) to Plaintiff's Second Amended Complaint on December 22, 2017.

Plaintiffs seek declaratory and injunctive relief, challenging the constitutionality of six bills passed by the Louisiana Legislature during its 2016 Regular Session, as well as two emergency regulations. (R. Doc. 1 at 2). Plaintiffs are comprised of three medical doctors, appearing on behalf of themselves and their patients, as well as June Medical Services, LLC,

d/b/a Hope Medical Group for Women ("Hope"), a women's reproductive health clinic in Shreveport, Louisiana. (R. Doc. 88 at 5).

Plaintiffs assert that the six bills passed and two emergency regulations impose unconstitutional requirements on women seeking abortions, women's ability to obtain—and doctors' ability to provide—certain types of abortions at particular points past the last menstrual period, and the availability of abortion services in Louisiana. Plaintiffs assert that these bills and regulations violate their due process and equal protection rights guaranteed by the Fourteenth Amendment to the U.S. Constitution. (R. Doc. 88 at 34-39).

## II. Law and Analysis

### A. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 34 provides a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant to Rule 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

**B.     Analysis**

Defendants' Second Motion to Compel asks the Court to order Plaintiffs to provide the names of medical residents who did rotations at the Plaintiff clinic as requested by certain interrogatories propounded by Defendants to Plaintiffs. (R. Doc. 121 at 1). Defendants argue that the identity of the residents will allow them to depose those residents regarding certain allegations brought by Plaintiffs, including the board certification requirement of H.B. 488, the use of public funding and H.B. 606, the hiring and retention of physicians, and the methods, practices, and standards of care at the clinic and elsewhere. (R. Doc. 121-1 at 2-3). Plaintiffs respond that they have already provided Defendants with the names of all of the physicians that were employed by Hope since 2015, and that the names of the residents have no relevance to the litigation. (R. Doc. 134 at 2). In Reply, Defendants suggest that the Protective Order (R. Doc. 96) alleviates any concerns regarding the privacy interests of the residents. (R. Doc. 144 at 4).

At oral argument, Defendants indicated they had obtained the identity of approximately 20 of the residents from a third party subpoena issued to Louisiana State University ("LSU"), but that the number identified by LSU was different from the number they understood there to have been from Plaintiffs. Counsel for Plaintiffs indicated they had seen the list provided by LSU, and

3

it was accurate notwithstanding the absence of the identity of a "handful" of medical residents. Neither party was able to explain why there was a discrepancy.

"For a motion to compel, '[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.'" *Mirror Worlds Technologies, LLC v. Apple Inc.*, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (quoting *SSL Servs., LLC v. Citrix Sys., Inc.*, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010)). "Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad or unduly burdensome or oppressive, and thus should not be permitted." *Mirror Worlds*, 2016 WL 4265758 at *1.

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive…" Fed. R. Civ. P. 26(b)(2)(C)(i).

In Defendants' First Set of Joint Interrogatories, Defendants seek the following:

Interrogatory No. 5.   Identify each physician who has performed abortions at June Medical Services since January 1, 2015. Include each physician's medical residencies and board certifications, and the time period during which the physician provided such services.

Interrogatory No. 6.   Identify each physician who has provided services other than performing abortions at June Medical Services since January 1, 2015. Include each physician's medical residencies and board certifications, and the time period during which the physician provided such services.

(R. Doc. 121-2 at 5). It is the Court's understanding that Plaintiffs have provided responsive information to Defendants but have assigned pseudonyms as to the identity of the medical residences such that Defendants seek to compel only the identity of the medical residents.

Defendants note that Plaintiffs have alleged the bills and regulations at issue in the litigation would have effects on the hiring and retention of doctors, additional limitations on public funding, and the methods, practices, and standards of care at the Plaintiff clinic and its patients. (R. Doc. 121-1 at 2-3). At oral argument, the Court questioned Defendants as to why it needed the identity of the few remaining medical residents when they had already obtained the identity of approximately 20 residents from their third party subpoena to LSU. Defendants presented a hypothetical wherein a previously un-identified medical resident was found to currently have, or be a part of, a medical practice in the vicinity of the Plaintiff clinic, and suggested a former resident of that type would be one Defendants would be most interested in deposing insofar as the hiring and retention allegations were concerned. On the other hand, aside from re-iterating their objections to disclosure of the medical residents at all, Plaintiffs could articulate no specific objection to disclosure of the identity of the remaining residents given that the majority of them had already been identified.

The Court finds the identity of the medical residents relevant and discoverable. The medical residents would be able to testify as to their own experience with hiring and retention, as well as the methods, practices, and standards of care at the Plaintiff clinic. Though their personal knowledge may be more limited than an employed physician of the Plaintiff clinic, the potential for bias is also significantly less. The Protective Order (R. Doc. 96), by its own terms, allows a party to designate information that could jeopardize the privacy of "others associated with Plaintiffs" as "Confidential." Plaintiffs may designate the documents <u>they produce</u> that provide the identity of the medical residents as confidential, and the Protective Order provides parameters to the parties outlining the stipulated procedure for challenging such a designation. Plaintiffs indicated that they were aware of the identity of the medical residents and there

appears to be no burden in providing that information. That fact, coupled with the protections afforded by way of the Protective Order, minimize any burden or potential harm to Plaintiffs or the medical residents themselves that may result from disclosure of their identity.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Second Motion to Compel (R. Doc. 121) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs are to provide Defendants with the identities of medical residents responsive to Interrogatory Nos. 5 and 6 of Defendants' First Set of Joint Interrogatories within seven (7) days of the date of this Order.

Signed in Baton Rouge, Louisiana, on September 26, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**