UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES, LLC, d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians and staff, ET AL. | CIVIL ACTION |
| VERSUS | |
| REBEKAH GEE, in her official capacity as Secretary of Health of the Louisiana Department of Health, ET AL. | NO: 16-CV-00444-BAJ-RLB |

## RULING AND ORDER

Before the Court is **Defendants' Motion to Vacate and Unseal (Doc. 207)**. Plaintiffs opposed this motion. (Doc. 219). Oral argument is not required. For the reasons stated below, Defendants' motion is **DENIED**.

### I. FACTUAL BACKGROUND

The motion *sub-judice* arises from the Court's October 19, 2018 order sealing certain pleadings in this matter (Doc. 203). Plaintiffs John Doe 1, John Doe 2, and John Doe 3 (the "Doe Doctors") filed a motion for a Protective Order, seeking to proceed under pseudonyms due to the potential risks the Doe Doctors and those associated with them may face if their identities were publicly revealed. (Doc. 8). The Court granted that motion. (Doc. 12). Thereafter, the parties conferred and jointly petitioned the Court to memorialize the agreed upon terms of a subsequent protective order ("Second Protective Order"). (Doc. 95).

1

Defendants subpoenaed the "complete files" of certain physicians from the Louisiana State Board of Medical Examiners ("LSBME"). (Doc. 199 at p. 2). The Magistrate Judge entered an order quashing part of the subpoena. (*Id.* at p. 4) Defendants then urged the District Court to review the Magistrate Judge's order, and attached multiple documents that revealed personally identifying information of two non-party abortion providing doctors ("non-Doe Doctors").

Plaintiffs filed an emergency motion to strike Defendants' motion to review the Magistrate Judge's order on the grounds that it disclosed the identities of non-Doe Doctors, in contravention of the terms of the Second Protective Order. (Doc. 95). The Court denied Plaintiffs' motion to seal all of Defendant's motion, but ordered Docs 201-1 through 201-7 be sealed until further orders of the Court. (*Id.*). Defendants now move for the Court to vacate its October 19, 2018 Order and unseal the documents. (Doc. 207). Plaintiffs oppose the motion. (Doc. 219).

## II. LEGAL STANDARD

Fed. R. Civ. P. 60 provides that:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

## III. ARGUMENTS

Defendants claim that Plaintiffs misled and induced the Court to issue the October 19, 2018 Order in violation of the First Amendment. (Doc. 207-1 at p. 1). Defendants argue that the names of the non-Doe Doctors are not protected under the terms of the Protective Orders. (*Id.* at p. 6). Defendants also argue that the Second Protective Order further limits the scope of protectable information to information "produced by a party or non-party . . . in response to any subpoena or discovery request." (*Id.*).

Defendants further argue that the documentation attached to the motion was publicly available, and therefore cannot be subject to a protective order. Defendants argue that it is improper for a court to place under seal items that were generally available to the public. (*Id.* at p. 9). *Blanchard & Co. v. Barrick Gold Corp.*, 2004 WL 737485, at *6 (E.D. La. Apr. 5, 2004).

Defendants assert that the First Amendment and the Louisiana Public Records Law prevent sealing of documents containing public information. (*Id.* at p. 10). Defendants cite *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) for the proposition that a party may disseminate information identical to the protected information, so long as that information is gained through means independent of the court's process. Finally, Defendants argue that the Court has committed a procedural

3

error in sealing documents without explanation. *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010).

Plaintiffs note that Defendants have not identified a single reason why it is beneficial to their case for the records to be unsealed. (Doc. 217 at p. 1). Plaintiffs also claim that the Protective Orders defined "confidential" broadly, and that it encompasses personnel information, information produced by or related to third parties and others associated with Plaintiffs, and "sensitive information regarding non-party healthcare facilities." (*Id.* at p. 5). Plaintiffs also allege that Defendants failed to cite the first paragraph of the Second Protective Order in its entirety, which provides that the Second Protective Order:

> govern[s] the handling of all confidential and sensitive documents, testimony, interrogatories, correspondence, and any other material or information produced, disclosed or filed by any party or non-party and designated as such in accordance with the terms hereof.

Plaintiffs allege that this paragraph allows for information outside of what is gathered during the discovery process to be included within the ambit of the Protective Orders. Further, Plaintiffs argue that Defendants were able to easily find the identities of the non-Doe Doctors on the internet because Defendants already *knew* the names of those doctors, and that persons who do not know the identity of the physicians could not otherwise conduct such internet searches. (*Id.*).

Plaintiffs further cite *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 799 F.3d 437, 455 (5th Cir. 2015), *rev'd on other grounds*,[1] wherein the

---

[1] *Test Masters Educ. Servs., Inc. v. Robin Singh Educ. Servs., Inc.*, 2015 WL 13768849, at *2 (5th Cir. Oct. 22, 2015).

4

United States Court of Appeals for the Fifth Circuit held that a court may seal documents without analysis when it has "extensive history with the parties" and was "uniquely familiar with the facts of the case." Finally, Plaintiffs claim that Defendants, as a state entity, are not entitled to First Amendment Protection. (*Id.* at Doc. 9). Plaintiffs argue that nothing prevents Defendants from exercising their duties under the Louisiana Public Records Law outside of the scope of the litigation. (*Id.*).

IV. ANALYSIS

A. The Terms of the Protective Order Allow Sealing

The Protective Order shall stand. Defendants' claim that the Court's Order protects information that falls outside the scope of the Protective Order is unsupported by the facts and the law. Paragraph 2 of the Protective Order sets forth a specific class of information, and does not define "confidential." Paragraphs 5 and 6 of the Second Protective Order actually define "confidential," and includes information that could "jeopardize the privacy of the staff, physicians, patients, *and others associated with Plaintiffs.*" (Doc. 96 at p. 4)(emphasis added). The non-Doe doctors are included in the category of "others," as contemplated by the Second Protective Order.

Further, Paragraph 6 sets forth that confidential information may include investigations related to *any* person's ability to practice medicine, legal or disciplinary actions taken by the Louisiana Department of Health, information regarding claims

5

of medical malpractice, and any records concerning peer review committee discussions. (*Id.*). The sealed information falls into these categories.

Furthermore, the Court has the authority to seal documents for "good cause shown." Rule 26(c). Defendants have offered no explanation why it is necessary for these documents to remain unsealed, given the potential harm that may result to the non-Doe Doctors, should their names be publicized. Most troubling, Defendants have alleged that after searching for the names of the non-Doe Doctors, it was discovered that their names appeared on websites that Plaintiffs identified as being potentially linked with groups that advocate violence against abortion providers and clinics. (Doc. 219 at p. 6).

### B. The Court's Order does not Violate the First Amendment or the Louisiana Public Records Law

Defendants rely on *Reinhart,* in arguing that a court cannot unilaterally take an entire topic out of the public domain by means of a protective order. *Rhinehart,* 467 U.S. at 34. Having found that the Second Protective Order to which both parties stipulated covers the contested information, the Court finds that *Reinhart* is wholly inapplicable in this matter.

Defendants raised the argument that the State of Louisiana enjoys First Amendment rights. Government entities enjoy no such rights. *Estiverne v. La. State Bar Ass'n,* 863 F.2d 371, 379 (5th Cir. 1989). Defendants also argue that the Order, in effect, removes information from the public domain. This is not the case. Barring Defendants from making reference to the identities of certain physicians *in this litigation* does not mean that they cannot respond to requests for such information

6

pursuant to the Louisiana Public Records Law. Nothing in this Court's Order or in the stipulated Protective Order demands otherwise.

### C. No Procedural Error was Committed

Being intimately familiar with the parties and arguments in this case, the Court did not commit a procedural error in sealing the challenged documents with no findings of fact. A court may seal documents without placing findings of fact onto the record if it has "extensive history with the parties" and is "uniquely familiar with the facts of the case." *Test Masters*, 799 F.3d at 455. Moreover, unlike in *Test Masters*, Defendant has not demonstrated any hardship arising from the documents being sealed, nor did the Court issue its order sealing the documents *sua sponte*. *Test Masters*, 2015 WL 13768849, at *2.

This matter has been litigated in this Court for approximately three years and the Court is fully and extensively familiar with the facts of the case. Defendant's assertion is unfounded.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendants' Motion to Vacate and Unseal (Doc. 207)** is **DENIED**.

Baton Rouge, Louisiana, this 31ST day of July, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA