UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES, LLC, d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians, and staff, ET AL. | CIVIL ACTION |
| VERSUS | |
| REBEKAH GEE, in her official capacity as Secretary of Health of the Louisiana Department of Health, ET AL. | NO.: 16-00444-BAJ-RLB |

## RULING AND ORDER

Before the Court is **Defendants' Motion for Limited Relief (Doc. 293)**. Defendants seek to submit three documents and their attachments from the record in this matter to the United States Supreme Court to use as evidence in the upcoming matter styled *June Medical Services L.L.C. v. Gee*, Nos. 18-1460, 18-1323 ("*June I*"). Defendants intend to use these documents to demonstrate that the plaintiffs in *June I* lack third-party standing because their interests are adverse to their patients. (Doc. 293-1, at 1). Plaintiffs, who are also plaintiffs in *June I*, oppose this motion. *See* (Doc. 302).

While the evidence sought may well be relevant to Defendants' arguments in *June I*, the record in that matter is closed, and appellate records are limited to materials filed with the district court in that case. FED. R. APP. P. 10(a). The Fifth Circuit has long held to this well-established principle—"[m]aterial that was not

1

presented in district court and is not a part of the record on appeal is not considered." *United States v. Crawford*, 205 F.3d 1337 (5th Cir. 1999); *see also Weathersby v. One Source Mfg. Tech., L.L.C.*, 378 F. App'x 463, 466 (5th Cir. 2010). Even with material from the record of related and pending litigation between the same parties, this Circuit has refused to enlarge the record on appeal to include material not before the district court in the matter before the Court of Appeals. *Kemlon Prod. & Dev. Co. v. United States*, 646 F.2d 223, 224 (5th Cir. 1981).

Moreover, Defendants cite no authority or legal support whatsoever to show why the Court should deviate from this fundamental rule of appellate procedure.

Accordingly,

**IT IS ORDERED** that **Defendants' Motion for Limited Relief (Doc. 293) is DENIED.**[1]

Baton Rouge, Louisiana, this 25th day of November, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] Defendants filed the instant Motion on October 18, 2019. An Opposition was timely filed on November 8, 2019. A mere ten days later, on November 18, 2019, Defendants filed an *Emergency Petition for Writ of Mandamus,* requesting three possible forms of relief, including that the Court be "order[ed]…to rule within 3 business days on Louisiana's Motion for Limited Relief (Doc. 293)." This Order, having satisfied one of the forms of relief requested by Defendants in their Petition, will likely render that Petition moot. Further, the Court notes that Defendants were entitled to request expedited relief from *this* Court, rather than petitioning the Circuit to order the Court to do so. This is not to say that parties are entitled to expedited review simply by virtue of requesting it. Nonetheless, mandamus is not an appropriate method of attempting to elicit expedited relief for a pending motion, particularly a recently filed one that does not reference an urgent time frame and contains no risk of irreparable harm if not ruled on with the haste Defendants push for, as is the case with Doc. 293.

2