UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUNE MEDICAL SERVICES, LLC, d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians, and staff, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-444-BAJ-RLB** |
| **REBEKAH GEE, in her official capacity as Secretary of the Louisiana Department of Health, ET AL.** | |

## ORDER

Before the Court is Plaintiffs' Motion to Stay Discovery (R. Doc. 235) filed on May 24, 2019. Defendants filed their Opposition (R. Doc. 249) on June 17, 2019, and Plaintiffs filed a Reply (R. Doc. 255) on July 7, 2019. Defendants also filed a Supplemental Declaration in Opposition (R. Doc. 283) on October 2, 2019, and Plaintiffs also filed a Notice of Supplemental Authority (R. Doc. 291) on October 8, 2019.

### I.     Background

Plaintiffs initiated this litigation with the filing of their Complaint (R. Doc. 1) on July 1, 2016. They filed a First Amended Complaint for Declaratory and Injunctive Relief (R. Doc. 22) on December 16, 2016, and a Second Amended Complaint for Declaratory and Injunctive Relief (R. Doc. 88) on December 8, 2017. Defendants filed their Answer (R. Doc. 90) to Plaintiff's Second Amended Complaint on December 22, 2017.

Plaintiffs seek declaratory and injunctive relief, challenging the constitutionality of six bills passed by the Louisiana Legislature during its 2016 Regular Session, as well as two emergency regulations. (R. Doc. 1 at 2). Plaintiffs are comprised of three medical doctors, appearing on behalf of themselves and their patients, as well as June Medical Services, LLC,

d/b/a Hope Medical Group for Women ("Hope"), a women's reproductive health clinic in Shreveport, Louisiana. (R. Doc. 88 at 5).

Plaintiffs assert that the six bills passed and two emergency regulations impose unconstitutional requirements on women seeking abortions, women's ability to obtain—and doctors' ability to provide—certain types of abortions at particular points past the last menstrual period, and the availability of abortion services in Louisiana. Plaintiffs also assert that these bills and regulations violate their due process and equal protection rights guaranteed by the Fourteenth Amendment to the U.S. Constitution. (R. Doc. 88 at 34-39).

## II. Law and Analysis

### A. Legal Standard

Upon a motion by a party and for good cause shown, a district court can limit discovery and "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "A federal court has discretion to stay discovery 'for good cause shown.'" *Griffin v. American Zurich Insurance Company*, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citing *Von Drake v. National Broadcasting Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)).

### B. Analysis

Plaintiffs request the Court stay discovery in this litigation under two theories, to be addressed in the reverse order presented. First, Plaintiffs argue that they cannot proceed with discovery given the Defendants' alleged refusal to comply with the confidentiality protections in place in this litigation. Second, Plaintiffs suggest that discovery should be stayed in this litigation pending resolution by the Supreme Court of the Admitting Privileges Case, *June Med. Servs., L.L.C. v. Gee*, 905 F.3d 787 (5th Cir. 2018), *cert. granted*, 140 S.Ct. 35, 204 L.Ed. 2d 1193

(2019), *and cert. granted*, 140 S.Ct. 35, 204 L.Ed. 1193 (2019). (R. Doc. 235-1 at 4). In support of this argument, Plaintiffs note that the Fifth Circuit has held its review of an appeal in abeyance pending the Supreme Court's resolution of the Admitting Privileges Case in *Whole Woman's Health v. Paxton*, 280 F.Supp. 3d 938 (W.D. Tex. 2017), *appeal docketed*, No. 17-51060 (5th Cir. Jan. 16, 2018), *held in abeyance by* Doc. 514871170 (5th Cir. Mar. 13, 2019). Plaintiffs argue that *Whole Woman's Health* challenges the constitutionality of Texas's ban on dilation and evacuation procedure, which Plaintiffs suggest is "functionally identical to HB 1081." (R. Doc. 235-1 at 4).

While the Court recognizes that the Supreme Court's resolution may have a substantive effect on the outcome of this litigation, the Court finds a stay to be unwarranted in this instance. As Plaintiffs note, H.B. 1081 is only "one of the laws challenged in this case." (R. Doc. 235-1 at 4). Plaintiffs also challenge the constitutionality of H.B. 1019, H.B. 815, S.B. 33, H.B. 386, and H.B. 488, but have not suggested that the Supreme Court's finding would have an effect on the outcome of this litigation as to those provisions, nor has any party suggested bifurcation of the issues. (R. Doc. 88 at 11-23).[1]

Accordingly, the Court will not stay discovery on the basis of any other pending litigation. To do so does not promote the goals of judicial efficiency in this instance, especially considering that this litigation challenges the constitutionality of other legislative enactments that no party alleges would be directly affected by rulings in other cases.

Plaintiffs also argue that discovery should be stayed because they "cannot proceed with discovery and expose additional confidential information without a firm understanding that it will be protected." (R. Doc. 235-1 at 1). In support of this, Plaintiffs suggest that Defendants

---

[1] Plaintiffs' challenge to the constitutionality of H.B. 606 was dismissed based on Joint Stipulation of the Parties. (R. Docs. 193, 204, 206).

3

sought to elicit information subject to the Court's confidentiality orders through deposition inquiry and testimony. (R. Doc. 12; R. Doc. 96). Defendants respond that they are "obeying the Protective Order, insisting that Plaintiffs do too, and doing what the Protective Order and the law expressly permit cannot be good cause for an additional protective order staying discovery." (R. Doc. 249 at 15).

The Court agrees that a stay of discovery is not warranted under the arguments presented by the parties herein. While Plaintiffs suggest that they are unable to continue to participate in discovery due to Defendants' purported refusal to cooperate with the confidentiality orders in place, the Court does not agree that Plaintiffs' concerns are best resolved with a stay of discovery.

The Court will, however, remind the parties of the orders and procedures currently in place in this litigation, in order to advise the parties of the framework established to address issues surrounding confidential information.

First, the Court issued a Protective Order (R. Doc. 12) (the "Pseudonym Order") on July 12, 2016, which permitted the three named physician-plaintiffs to proceed in this litigation under pseudonyms. Pursuant to the Pseudonym Order (R. Doc. 12), the district judge has previously admonished Defendants for the "careless nature in which Defendants identified physicians in the exhibits to their motions, as filed in the open record." (R. Doc. 203 at 1). The Pseudonym Order contemplates that the identity of a particular physician as a plaintiff in this action is to remain confidential throughout the course of this litigation or until further order of the Court.

On February 22, 2018, the Court issued a second Protective Order (R. Doc. 96) (the "General Protective Order") based on Joint Motion of the parties, which governs confidentiality in this litigation in general. The General Protective Order contemplates that any information

produced by any party or non-party may be designated as Confidential. (R. Doc. 96 at 1-2). Paragraphs 5 and 6 govern the definition of what information may be deemed or designated confidential in this litigation, and the Court refers the parties to those paragraphs. (R. Doc. 96 at 3).

Defendants may challenge the validity of any confidential designation asserted by Plaintiffs. Defendants correctly note that "the Protective Order provides that the parties may ask the Court to resolve confidentiality disputes." (R. Doc. 249 at 2 (citing R. Doc. 96 at 9)). The Pseudonym Order provides that the real names of the plaintiff doctors cannot be disclosed to certain third parties or entities "without leave of Court." (R. Doc. 12 at 2). By their very terms, each of these contemplate a party challenging, and the Court deciding, whether certain information should remain shielded from disclosure. Staying discovery is not justified in this instance as the protective orders currently in place provide adequate protections for the designation of confidential information and relief therefrom while the parties actively participate in the discovery process in good faith. The parties shall proceed with discovery and make every effort to comply with the provisions of those protective orders, and confer with each other in good faith prior to seeking further relief from the Court.

Based on the foregoing,

**IT IS ORDERED** that Plaintiffs' Motion to Stay Discovery (R. Doc. 235) filed on May 24, 2019 is **DENIED**.

Signed in Baton Rouge, Louisiana, on February 28, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**