# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

JUNE MEDICAL SERVICES,                                  CIVIL ACTION
LLC, ET AL.

VERSUS

REBEKAH GEE, ET AL.                              NO. 16-00444-BAJ-RLB

## ORDER

On January 7, 2022, the United States Court of Appeals for the Fifth Circuit remanded this matter to this Court with instructions that it re-evaluate its prior sealing Orders that adopted the Agreement of the parties, and to do so by the standards established by the Circuit, as clarified in its January 7 Opinion. (Doc. 386).

On January 13, 2022, this Court ordered the parties to file a Joint Memorandum addressing all disputed sealing issues in this matter, relying solely on the guidance set forth in the Fifth Circuit's January 7 Opinion. (Doc. 387). The Court required the parties to meet and confer in good faith to determine which documents: (1) should be unsealed; (2) should be unsealed subject to redaction; (3) should remain sealed; and (4) remain subject to disagreement. (*Id.*).

On January 21, 2022, the parties filed their Joint Memorandum in compliance with the Court's Order. (Doc. 390). Of the 177 documents originally in dispute (the "177 Disputed Documents"), the parties now stipulate that 150 documents should be *unsealed* in their entirety; that two documents should remain under seal; and that two additional documents should be unsealed subject to redaction. (*Id.*). This leaves

1

only 23 documents actually in dispute following the Circuit's remand. (*Id.*). The Court will address each category of documents in turn.

## I.    BACKGROUND

This case arises out of a challenge to seven Louisiana laws that regulate abortion procedures. (Doc. 88). At the outset of this matter, the Court granted the three Doctor-Plaintiffs' Motion to proceed under pseudonyms. (Doc. 8; Doc. 12, the "Pseudonym Order"). The Court also granted the parties' Joint Motions for Stipulated Protective Orders and entered Protective Orders regarding the handling of "confidential and sensitive documents." (Doc. 95; Doc. 96; Doc. 149; Doc. 154; Doc. 157; Doc. 158). In their Joint Motions, the parties expressly agreed that the real names of the Dr. Does "shall be placed under seal." (Doc. 96, p. 4).

Despite the parties' purported Agreements, and for reasons not entirely clear to the Court, the Defendants have breached their agreement and continue to dispute which documents should be filed under seal and whether the Pseudonym Order should continue to apply. As a result, a dispute has arisen regarding which documents should be filed on the open record, under seal, or with redactions. These disputes have demanded an inordinate amount of time, attention, and resources from the parties *and* the Court, particularly in light of the parties' prior agreements. Moreover, they have resulted in multiple orders addressing sealing issues, including (most recently) this Court's November 30, 2020 Ruling and Order granting *in part* Defendants' motions to reconsider prior sealing orders entered by the Magistrate Judge. (Doc. 347, the "November 30 Order").

On appeal, the Fifth Circuit vacated the Court's November 30 Order and issued a limited remand directing the Court to evaluate its prior Rulings under the legal standard the Circuit further clarified in its January 7 Opinion. (Doc. 386, p. 14).

In accordance with the January 7 Opinion, the Court has since conducted a comprehensive "'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure[]'" and has identified the proper status of each document at issue. (*Id.*).

## II.    DISCUSSION

### A. Documents to be Unsealed Per Stipulation of Parties

Relying on the Fifth Circuit's January 7 Opinion, the parties stipulate that the following 150 documents should be unsealed. (Doc. 390, p. 1–6). Accordingly, the Court orders that the documents listed below shall be **UNSEALED.**

| Documents to Be Unsealed | |
| --- | --- |
| **Document Number** | **Document Title** |
| 201-1 | Defs.' Mem. ISO Motion |
| 201-2 | Hearing Transcript |
| 201-3 | Grand Jury Report |
| 201-4 | LSBME Consent Judgment |
| 201-5 | LSBME FOFs |
| 201-6 | Arrest Report |
| 201-7 | LSBME Discipline History |
| 247-11 | Email Correspondence |
| 247-12 | Email Correspondence |
| 247-13 | Email Correspondence |
| 247-14 | Email Correspondence |

| Documents to Be Unsealed | |
|---|---|
| **Document Number** | **Document Title** |
| 247-15 | Email Correspondence |
| 247-16 | Email Correspondence |
| 247-17 | Email Correspondence |
| 247-18 | Email Correspondence |
| 247-19 | LSBME Suspension |
| 247-3 | Email Correspondence |
| 247-5 | Email Correspondence |
| 247-6 | Email Correspondence |
| 247-7 | Email Correspondence |
| 247-8 | Email Correspondence |
| 270-10 | Deficiencies Report |
| 270-11 | Email Correspondence |
| 270-12 | Email Correspondence |
| 270-13 | Email Correspondence |
| 270-14 | Email Correspondence |
| 270-15 | Email Correspondence |
| 270-16 | Email Correspondence |
| 270-17 | Email Correspondence |
| 270-18 | CV |
| 270-19 | Informed Consent Form |
| 270-20 | Informed Consent Form |
| 270-21 | Informed Consent Form |
| 270-22 | Bossier Printout |
| 270-24 | Deficiencies Report |
| 270-28 | Obituary |
| 270-29 | LSBME License Verification |
| 270-3 | Defs.' Motion |

| Documents to Be Unsealed | |
|---|---|
| **Document Number** | **Document Title** |
| 270-30 | LSBME License Verification |
| 270-31 | Book Listing |
| 270-32 | Book Listing |
| 270-33 | Rolling Stone Article |
| 270-34 | Clinic Website |
| 270-35 | Google Search |
| 270-36 | Medical Students for Choice article |
| 270-37 | FOX News Article |
| 270-38 | Nola.com Article |
| 270-39 | DailyWorld.com Article |
| 270-4 | Defs.' Memo ISO Motion (Confidential Version) |
| 270-42 | Corporate Registration |
| 270-43 | Order |
| 270-44 | Complaint |
| 270-45 | Complaint |
| 270-46 | Complaint |
| 270-47 | Complaint |
| 270-5 | Defs.' Memo ISO Motion (Redacted/"Public" Version) |
| 270-55 | Declaration |
| 270-56 | Corporate Registration |
| 270-57 | Christian Science Monitor Article |
| 270-58 | Press Release |
| 270-59 | Press Release |
| 270-6 | Proposed Order |
| 270-60 | New York Times Op-Ed |
| 270-61 | Google Search |
| 270-7 | Declaration |

| Documents to Be Unsealed | |
|---|---|
| **Document Number** | **Document Title** |
| 271-10 | Email Correspondence |
| 271-11 | Email Correspondence |
| 271-3 | Cover Motion |
| 271-4 | Defs.' Memo ISO Renewed Motion (Confidential Version) |
| 271-5 | Defs.' Memo ISO Renewed Motion (Redacted/"Public" Version) |
| 271-6 | Proposed Order |
| 271-7 | Declaration |
| 271-8 | Order |
| 271-9 | Christian Science Monitor Article |
| 272-10 | Corporate Registration |
| 272-11 | Corporate Registration |
| 272-12 | Corporate Registration |
| 272-13 | Order |
| 272-14 | Motion |
| 272-15 | Motion |
| 272-16 | Grand Jury Testimony |
| 272-17 | Pennsylvania Board of Medicine Order |
| 272-18 | Pennsylvania Board of Medicine Order |
| 272-19 | Pennsylvania Board of Medicine Public Order and Consent Agreement |
| 272-20 | Grand Jury Findings & Order |
| 272-22 | LSBME Meeting Minutes |
| 272-23 | The News Journal Article |
| 272-24 | USA Today Article |
| 272-25 | Delaware Board of Medicine Order |
| 272-26 | Delaware Board of Medicine Order |
| 272-27 | Delaware Board of Medicine Consent Agreement |

| Documents to Be Unsealed | |
|---|---|
| **Document Number** | **Document Title** |
| 272-29 | LSBME Termination of Probation & Reinstatement of License |
| 272-30 | LSBME Consent Order |
| 272-31 | LSBME Suspension of License |
| 272-32 | LSBME Order |
| 272-33 | LSBME Interim Consent Order |
| 272-34 | LSBME Order for Reinstatement of Medical License |
| 272-35 | LSBME Notice for Summary Suspension of Medical License |
| 272-36 | LSBME Consent Order |
| 272-37 | The Advocate Article |
| 272-39 | LSBME Consent Order |
| 272-4 | Declaration |
| 272-40 | LSBME Opinion & Ruling |
| 272-41 | LSBME License Verification |
| 272-42 | LSBME Consent Order |
| 272-43 | Subpoena |
| 272-44 | Subpoena |
| 272-45 | Order |
| 272-46 | Women's Health Care Center letter |
| 272-48 | Service Affidavit |
| 272-49 | Journal of Medical Regulation Study |
| 272-5 | Corporate Registration |
| 272-52 | Deficiencies Report |
| 272-53 | New York Times Article |
| 272-54 | Book Chapter |
| 272-6 | Corporate Registration |
| 272-7 | Corporate Registration |

| Documents to Be Unsealed | |
|---|---|
| **Document Number** | **Document Title** |
| 272-8 | Corporate Registration |
| 272-9 | Corporate Registration |
| 273-1 | Pls.' Opp. to Motion |
| 273-4 | Declaration |
| 277-3 | Defs.' Reply ISO Motion |
| 277-4 | Declaration |
| 277-5 | Email Correspondence |
| 277-6 | Email Correspondence |
| 277-7 | Licensing Verification |
| 289-10 | The Advocate Article |
| 289-11 | The Advocate Article |
| 289-12 | DailyWorld.com Article |
| 289-13 | Deposition Transcript Excerpt |
| 289-15 | LSBME Consent Order |
| 289-16 | Journal of Medical Regulation Study |
| 289-17 | Subpoena |
| 289-3 | Defs.' Opp. to Third-Party Motion to Quash (Confidential Version) |
| 289-4 | Defs.' Opp. to Third-Party Motion to Quash (Public Version) |
| 289-5 | Declaration |
| 289-6 | Service Affidavit |
| 289-7 | Google Search |
| 289-8 | Medical Students for Choice Article |
| 289-9 | FOX News Article |
| 297-3 | Declaration |
| 298-3 | Response to Pro Forma Motion to File Under Seal |
| 298-4 | Declaration |

| Documents to Be Unsealed | |
|---|---|
| **Document Number** | **Document Title** |
| 300-2 | Memorandum in Reply to Defs.' Opp. |
| 300-3 | Order |
| 303-3 | Defs.' Consolidated Opp. to Third-Party Physicians' Motion |
| 303-4 | Declaration |
| 303-5 | Clinic website |
| 272-42 | LSBME Consent Order |

### B. Documents to be Unsealed Subject to Redaction Per Stipulation of Parties

The parties further stipulate that the following two documents should be unsealed subject to redaction. (Doc. 390, p. 7).

| Documents to Be Unsealed Subject to Redaction | |
|---|---|
| **Document Number** | **Document Title** |
| 247-4 | Email Correspondence |
| 272-51 | Deposition Transcript Excerpt |

The Court has reviewed the parties' proposed redactions, which would protect three non-party doctors' names and the address of a Federal Rule of Civil Procedure 30(b)(6) corporate representative. (Doc. 390-1–Doc. 390-2). These proposed redactions are *de minimus*. Moreover, the underlying documents are not public records. Additionally, with respect to the issue of the corporate representative's address, the Circuit directed the Court to "consider the option to unseal the testimony with appropriate redactions." (Doc. 386, p. 14).

Noting the presumption in favor of access, the Court finds that the parties' stipulated redactions are minimal and appropriate. A layperson can understand the documents even with the redaction of the few words proposed by the parties. Indeed, a Rule 30(b)(6) corporate representative's address is irrelevant to the litigation and adds no value to the deposition testimony. Accordingly, the Court orders the above-referenced documents be **UNSEALED SUBJECT TO REDACTION** consistent with the parties' stipulation. (Doc. 247-4; Doc. 272-51).

## C. Documents to Remain Sealed Per Stipulation of Parties

The parties further stipulate that the following two documents should remain sealed. (Doc. 390, p. 7).

| Documents to Remain Sealed | |
| --- | --- |
| **Document Number** | **Document Title** |
| 273-3 | Incident Investigation Report |
| 289-14 | Incident Investigation Report |

These documents are two copies of the same preliminary Incident Investigation Report. The Incident Investigation Report appears to contain a preliminary intake form of alleged concerns regarding an abortion provider. Given the sensitive nature of these documents, and the parties' stipulation that they should remain sealed, the Court hereby orders that the above-referenced documents shall remain **UNDER SEAL**. (Doc. 273-3; Doc. 289-14).

## D. Disputed Documents

A total of 23 documents remain in dispute. (Doc. 390, p. 7–16). Plaintiffs argue that each of these documents should be unsealed subject to redactions. (*Id.*).

Defendants contend that many of these documents should be unsealed in full and they oppose Plaintiffs' proposed redactions. The Court will address each disputed document in turn.

### i. Pseudonym Order

First, the parties dispute whether the Court should permit the continued use of pseudonyms for the Dr. Does. (Doc. 390). Plaintiffs assert that the Dr. Does have experienced harassment, intimidation, and physical and verbal threats of violence, and seek to protect their identities because they fear that "they and their families will be subjected to heightened acts of harassment, intimidation, and violence, as well as retaliation in their professional practices, if their identities are made public in connection with this litigation." (*Id.* at p. 16). Notably, the original Pseudonym Order was supported by Declarations proffered by the Dr. Does in June 2016, submitted in support of the Dr. Does' original request to proceed under pseudonyms. (*See* Docs. 8-4, 8-5, 8-6).

Defendants respond that the continued use of pseudonyms, or the accompanying redaction of the doctors' names, is inappropriate. (Doc. 390, p. 10). Defendants argue that Dr. Doe 2 testified that "you can find out from the Internet that [he performs] abortions." (*Id.*). Defendants note that Dr. Doe 2 has litigated abortion cases in his own name and has given media interviews identifying himself as an abortion provider. (*Id.*).

In relevant part, the Circuit's January 7 Opinion provides the following guidance regarding the Dr. Does' continued use of pseudonyms:

11

The party doctors' request for anonymity is itself an unusual practice.
Abortion providers regularly litigate under their own names. *See, e.g.,*
*Planned Parenthood of Wis., Inc. v. Kaul*, 384 F. Supp. 3d 982, 984
(W.D. Wis. 2019), *aff'd*, 942 F.3d 793 (7th Cir. 2019) (involving a case
brought by Dr. Kathy King, Natalee Hartwig, Sara Beringer, and
Katherine Melde, on behalf of themselves and their patients);
*Little Rock Fam. Plan. Servs. v. Rutledge*, 397 F. Supp. 3d 1213, 1220
(E.D. Ark. 2019) (granting preliminary injunction to Dr. Thomas
Tvedten, on behalf of himself and his patients), *aff'd*, 984 F.3d 682
(8th Cir. 2021), *petition for cert. filed*, No. 20-1434 (U.S. Apr. 13, 2021);
*Robinson v. Marshall*, 415 F. Supp. 3d 1053, 1055 (M.D. Ala. 2019)
(granting injunction to Dr. Yashica Robinson, on behalf of her patients);
Whole Woman's Health v. Paxton, No. 17-CV-690, 2017 WL 11606683,
at *1–2 (W.D. Tex. Aug. 15, 2017) (denying pseudonym request and
noting that "[w]hat transpires in the courtroom is public property"
(alteration in original) (quoting Doe v. Stegall, 653 F.2d 180, 185 (5th
Cir. 1981))). They also—as licensed professionals—operate under their
own names and are often already known or knowable by other means.
For example, Doe 2 acknowledged in his deposition that "you can find
out from the internet that [he provides] abortions" and he has submitted
public declarations in past abortion litigation.

Furthermore, this court does not usually allow parties to proceed
anonymously based on generalized concerns. For example, we affirmed
this district court's denial of a police officer's request to proceed as an
anonymous plaintiff. *See Doe v. Mckesson*, 945 F.3d 818, 835 n.12
(5th Cir. 2019), vacated on other grounds, 141 S. Ct. 48 (2020). That
officer argued that "the public nature of his job put[] him and his family
in danger of additional violence," and he listed examples of acts of
violence perpetrated against police officers for political reasons. *Id.* That
was not enough. We approved of the district court's rejection of that
argument because "the incidents Officer Doe listed did not involve
Officer Doe and were not related to this lawsuit." *Id.* Indeed, "Officer
Doe conceded that he had received no particularized threats of violence
since filing his lawsuit." *Id.*

(Doc. 386, p. 11–12).

While the Court appreciates the Fifth Circuit's resolve to have this matter

reviewed within 30 days, and having endeavored diligently to fulfill its limited

mandate (with the parties' assistance), this Court concludes that the interests of

justice and fairness to both parties demand additional evidentiary development to determine whether the Dr. Does may establish the sort of "particularized" concerns justifying continued use of pseudonyms, as noted by the Circuit. In making this determination, the Court notes that two of the three Dr. Does' original June 2016 declarations—which provided the evidentiary basis for this Court's original Pseudonym Order—set forth accounts of physical and verbal threats related to their work performing abortions, including threats that resulted in the involvement of the police and the FBI. (*See* Doc. 8-6, ¶¶ 3-4; *see also* Doc. 8-5, ¶ 3). The Court further notes that in support of their original July 2016 request for anonymity, the Dr. Does cited multiple authorities from *within* this Circuit showing that "courts, including in this District, routinely enter protective orders to safeguard the identities of such individuals who fear for their safety and well-being." (Doc. 8-2, p. 5).[1] By contrast, the Circuit's January 7 Opinion cites exclusively to authorities that *post-date* the Dr. Does' original motion.

Accordingly, the Court will enter an expedited briefing schedule and set an evidentiary hearing to allow the Dr. Does an opportunity to set forth evidence of

---

[1] Specifically, the Dr. Does cited the following authorities: *Roe v. Wade*, 410 U.S. 113 (1973); *Doe v. Bolton*, 410 U.S. 179 (1973); *June Med. Servs. v. Caldwell*, No. 14-cv-525 (M.D. La. Aug. 28, 2014) (ECF No. 24); *Jackson Women's Health Org. v. Currier*, No. 12-cv-436 (S.D. Miss. May 22, 2013) (ECF No. 98); *Hope Med. Grp. for Women v. Caldwell*, No. 10-cv-0511 (M.D. La. Aug. 9, 2010) (ECF No. 9); *K.P., M.D. v. LeBlanc*, No. 07-cv-0879 (M.D. La. Jan. 7, 2008) (ECF No. 24); *Choice, Inc. of Tex. v. Graham*, 226 F.R.D. 545 (E.D. La. 2005) (granting plaintiff's motion to proceed pseudonymously when raising the "right to choose and seek abortion services, a quintessentially private matter," and noting that plaintiffs, "by filing suit, made revelations about their personal beliefs and practices which may invite a hostile reaction from the public."); *VictoriaW. v. Larpenter*, No. 00-1960, 2001 WL 406334 (E.D. La. Apr. 17, 2001); *Sojourner v. Roemer*, 772 F. Supp. 930 (E.D. La. 1991), *aff'd*, 974 F.2d 27 (5th Cir. 1992).

"particularized" concerns sufficient to justify the continued use of pseudonyms in this matter. Until such time, the Court will withhold issuing a ruling on the continued applicability of the Pseudonym Order, and the current anonymity of the Dr. Does shall remain pending further orders of the Court.[2]

### ii. Public Records

#### 1. Deficiencies Reports

Plaintiffs propose redactions to "deficiencies reports." (Doc. 247-10; Doc. 270-9; Doc. 270-25; Doc. 272-38; Doc. 390, p. 8–9, 11). Plaintiffs contend that patient identifying information should be redacted because the interest in protecting patient privacy outweighs any "purported" right of access to this information. (Doc. 390, p. 8–9; 11). Defendants respond that these documents should be unsealed in their entirety because they are public records. (*Id.*).

The Court has reviewed Plaintiffs' proposed redactions. (Doc. 392-2; Doc. 393-1; Doc. 393-2; Doc. 394-6). Plaintiffs propose redaction of patients' dates of births, administrators' signatures, and the number of Cesarean Section procedures performed on such patients. While the redactions are minimal, the Fifth Circuit ordered that the Court "shall not seal or *order redaction* of any publicly available documents or information." (Doc. 386, p. 13). Because the deficiencies reports are publicly available, and despite the sensitive nature of the information in the reports,

---

[2] In many of the disputed documents, the parties contest both the continued applicability of the Pseudonym Order as well as other issues, such as redaction of patient identifying information, signatures, and "highly sensitive" information. To follow, the Court will address all disputed redaction issues. To be clear, however, until further order of the Court, the Dr. Does shall remain anonymous. Thus, regardless of the Court's ultimate determination regarding redaction issues, all documents shall, for now, retain the Dr. Does' pseudonyms.

the reports shall be unsealed in their entirety. (Doc. 247-10; Doc. 270-9; Doc. 270-25; Doc. 272-38).

## 2. Licensing Documents

For the same reason, the checklist for initial licensing and licensing application—which are also public records—shall be unsealed in their entirety.[3] (Doc. 270-40; Doc. 270-41).[4]

## 3. Judicial Records

Plaintiffs propose redaction of patient identifying information and "highly sensitive information" regarding Dr. Doe 5 in a Motion for Summary Judgment,

---

[3] The Court notes that Plaintiffs also propose redactions to signatures contained in these documents. The Court addresses this next. *See infra*, Section II(D)(iii).

[4] Plaintiffs propose redaction of Dr. Doe 5's home address, personal phone number, personal email address, and signature. (Doc. 390, p. 9). While the Court appreciates Plaintiffs' concern that disclosure of this information will increase the risk of severe harassment and violence in connection with this litigation, the Fifth Circuit has mandated that the Court shall not order redaction of publicly available documents. (Doc. 386, p. 13).

Plaintiffs also seek to redact an Employer Identification Number. (Doc. 394-1, p. 21). Defendants agree that redaction of the Employer Identification Number appears to be appropriate pursuant to Federal Rule of Civil Procedure 5.2. (Doc. 390, p. 9). Rule 5.2 provides:

(a) Redacted Filings. ***Unless the court orders otherwise***, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:

(1) the last four digits of the social-security number and taxpayer-identification number;

(2) the year of the individual's birth;

(3) the minor's initials; and

(4) the last four digits of the financial-account number.

Here, however, the Circuit has "order[ed] otherwise." (Doc. 386, p. 13 ("On remand, the district court shall not seal or order redaction of any publicly available documents or information.")). Accordingly, the checklist for initial licensing and licensing application shall be unsealed in their entirety, as mandated by the Circuit. (Doc. 270-40; Doc. 270-41).

petitions, and expert report filed in other courts. (Doc. 270-23; Doc. 270-26; Doc. 270-53; Doc. 270-27; Doc. 303-6; Doc. 390, p. 11, 13–14). The Fifth Circuit has held: "Judicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Indeed, the Circuit emphasized in its January 7 Order that "[j]udicial records belong to the American people; they are public, not private, documents." (Doc. 386, p. 10 (citing *Binh Hoa Le*, 990 F.3d at 417)). Because judicial records are public records, and the Fifth Circuit has ordered that the Court shall not order redaction of same, the Court cannot permit Plaintiffs' proposed redactions.[5]

### iii. Signatures

Plaintiffs propose redaction of signatures in several documents, citing fraud and forgery concerns. (Doc. 390). The Fifth Circuit has repeatedly emphasized the public's right of access to judicial records, particularly in cases involving matters of particular public interest, such as the instant case. (Doc. 386, p. 11). Fraud and forgery concerns, standing alone, do not outweigh the public's interest in transparent court proceedings. (*Id.* ("[W]e heavily disfavor sealing information placed in the judicial record.")). Accordingly, the Court will not permit redaction of signatures. (Doc. 270-40; Doc. 270-41; Doc. 270-23; Doc. 270-51; Doc. 303-6; Doc. 270-53).

### iv. Deposition Transcripts

Plaintiffs propose redactions to deposition transcripts. (Doc. 247-9; Doc. 270-8; Doc. 272-21; Doc. 272-50). The Court will address each deposition transcript in turn.

---

[5] The Court notes that Plaintiffs also propose redactions to signatures contained in these documents. The Court addresses this next. *See infra*, Section II(D)(iii).

## 1. Deposition Transcript of Dr. Doe 2

Plaintiffs propose redaction of the following categories of information in two identical deposition transcripts: (a) names of Dr. Does; (b) sensitive information regarding malpractice coverage; (c) sensitive patient identifying information; (d) names of non-public staff; and (e) "other highly sensitive information that could be used to identify Dr. Doe 2." (Doc. 390, p. 7; Doc. 247-9; Doc. 270-8). The Court has reviewed Plaintiffs' proposed redactions. The Court's analysis and conclusions now follow.[6]

First, Plaintiffs propose redaction of information regarding the home states of abortion providers who attended a particular meeting. (Doc. 247-9 and Doc. 270-8, 101:9–11 (discussing a meeting attended by abortion providers in Georgia, Alabama, Mississippi, and Louisiana)). The Court sees no reason to redact this information, particularly considering the strong presumption in favor of access. (Doc. 247-9 and Doc. 270-8, 101:9–11; Doc. 386, p. 13). The Court will not permit these redactions. (Doc. 247-9 and Doc. 270-8, 101:9–11).

Second, Plaintiffs propose redaction of information regarding medical malpractice insurance. (Doc. 247-9 and Doc. 270-8, 58:7–25; 59:1–2; Doc. 390, p. 7). Defendants argue that they "do not understand the basis for redaction here," and note that Plaintiffs elsewhere concede the name of Dr. Doe 2's partner "forty years ago." (Doc. 390, p. 7). Similarly, the Court sees no reason to redact this information,

---

[6] Plaintiffs' proposed redactions in the index of the deposition transcript are subject to the same disposition as the testimony each term accompanies.

particularly considering the strong presumption in favor of access. The Court will not permit these redactions.

Third, Plaintiffs propose redaction of patients' names used in relation to lawsuits filed in other courts. (Doc. 247-9 and Doc. 270-8, 141:23, 142:6–9, 323:13, 324:4, 14; 337:15–16, 339:3, 339:23–24, 340:8–9). Because judicial records are public records, and the Fifth Circuit has ordered that the Court shall not order redaction of publicly available documents, the Court will not permit these redactions. (Doc. 386, p. 13); *Binh Hoa Le v. Exeter Fin. Corp.,* 990 F.3d 410, 416 (5th Cir. 2021).

Fourth, Plaintiffs propose redaction of "highly sensitive information" regarding Dr. Doe 2. (Doc. 247-9 and Doc. 270-8, 345:16–25, p. 346:2–25, 347:1–15, 348:19, 350:18–25, 351:1–22). This information, however, is related to a public lawsuit. Accordingly, for the same reason, the Court will not permit these redactions.[7] (*See* Doc. 386, p. 13).

Fifth, Plaintiffs propose redaction of the names of non-public staff. (Doc. 247-9 and Doc. 270-8, 120:13–14, 20; 121:2, 11; 159:10–20, 203:21, 311:19). Defendants elsewhere do not object to the redaction of employees' names that are not publicly associated with the abortion provider. (Doc. 390, p. 11). Accordingly, the Court will permit these redactions to remain.

Sixth, Plaintiffs propose redaction of the number of previous Cesarean Section procedures performed on patients. (Doc. 247-9 and Doc. 270-8, 307:16, 309:14, 320:4).

---

[7] For the same reasons, the Court will not permit redactions of the deposition transcript excerpts. (Doc. 272-21, p. 346:2–25, 347:1–15).

Defendants rightly point out, however, that this information is public record. (Doc. 390, p. 8). Indeed, the Court has already unsealed this information elsewhere. (*See* Doc. 247-10; *see also* discussion accompanying Section II(D)(ii)(1)). Accordingly, the Court will not permit these redactions. (Doc. 247-9 and Doc. 270-8, 307:16, 309:14).

Finally, Plaintiffs specifically propose redaction of information regarding one patient that is not involved in this case (or any other lawsuit), including the patient's name and place of residence. (Doc. 247-9 and Doc. 270-8, 332:9–10, 333:3, 333:13, 333:23, 334:6, 336:14). The particular patient at issue is a minor whose identity is not otherwise publicly known in any judicial proceeding. Accordingly, consistent with long-standing judicial policy to shield medical information of minors from the public record, the Court will permit these redactions. (Doc. 247-9 and Doc. 270-8, 332:9–10, 333:3, 333:13, 333:23, 334:6, 336:14); *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 229 (5th Cir. 2020) (citing Fed. R. Civ. P. 5.2 (stating only the initials of a person "known to be a minor" may be provided in court filings; *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 607 (1982) (holding, in the First Amendment context, that "safeguarding the physical and psychological well-being of a minor" who is a sex crime victim in a criminal case is a "compelling" interest)).

### 2. Deposition Transcript of Michael Rothrock

Plaintiffs propose redaction of the name of a non-party physician who provides counseling at June Medical Services, arguing that disclosure could subject this

physician to harassment, intimidation, retaliation, and violence. (Doc. 272-50; Doc. 390, p. 11; Doc. 394-7). Defendants do not object to the redaction of an employee not publicly associated with June Medical. (Doc. 390, p. 11). Accordingly, the Court will permit this redaction. (Doc. 272-50, p. 57:18; 57:20–21; 57:25).

### v. Conclusion Regarding Disputed Documents

Following a comprehensive "'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure[,]'" the Court finds the following.

| Document Number | Document Title | Permitted Redactions | Reason | Applicability of Pseudonym Order Disputed? |
|---|---|---|---|---|
| 247-9 | Deposition Transcript | Names of non-party employees of abortion providers, p. 120:13–14, 20; 121:2, 11; 159:10–20, 203:21, 311:19 | Agreement of parties | Yes |
| 247-9 | Deposition Transcript | Patient name of minor unrelated to lawsuit, p. 332:9–10, 333:3, 333:13, 333:23, 334:6, 336:14 | Patient identifying information of minor, not public record | Yes |
| 247-10 | Deficiencies Report | None[8] | Public record | No |
| 270-8 | Deposition Transcript | Name of non-party employees of | Agreement of parties | Yes |

---

[8] A notation of "none" indicates that no redactions shall be permitted *other than* redactions pertaining to the Pseudonym Order. For the reasons stated herein, the Court defers ruling on the redaction of the Dr. Does' names at this time.

| Document Number | Document Title | Permitted Redactions | Reason | Applicability of Pseudonym Order Disputed? |
|---|---|---|---|---|
| | | abortion provider, p. 120:13–14, 20; 121:2, 11; 159:10–20, 203:21, 311:19 | | |
| 270-8 | Deposition Transcript | Patient name of minor unrelated to lawsuit, p. 332:9–10, 333:3, 333:13, 333:23, 334:6, 336:14 | Patient identifying information of minor, not public record | Yes |
| 270-9 | Deficiencies Report | None | Public record | No |
| 270-25 | Deficiencies Report | None | Public record | No |
| 270-40 | Checklist for Initial Licensing | None | Public record | No |
| 270-41 | Licensing Application | None | Public record | No |
| 270-50 | Operation Rescue search | N/A, pending disposition of Pseudonym Order[9] | N/A | Yes |
| 270-54 | Google search | N/A, pending disposition of Pseudonym Order | N/A | Yes |
| 272-21 | Deposition Transcript Excerpt | None | Public record | Yes |
| 272-38 | Deficiencies Report | None | Public record | No |
| 272-50 | Deposition Transcript Excerpt | Name of non-party employee of abortion provider, 57:18; 57:20–21; | Agreement of parties | Yes |

[9] The notation "N/A, pending disposition of Pseudonym Order" indicates that the continued applicability of the Pseudonym Order is the only disputed issue related to this document.

| Document Number | Document Title | Permitted Redactions | Reason | Applicability of Pseudonym Order Disputed? |
|---|---|---|---|---|
| | | 57:25 | | |
| 303-6 | Expert Report | None | Public record | Yes |
| 272-3 | Defs.' Opp. to Brinkley's Mot. to Quash | None | Public record | No |
| 272-47 | Notice of Subpoena | N/A, pending disposition of Pseudonym Order | N/A | Yes |
| 270-49 | Article | N/A, pending disposition of Pseudonym Order | N/A | Yes |
| 270-23 | Motion for Summary Judgment | None | Public record | Yes |
| 270-26 | Medical Malpractice Petition | None | Public record | Yes |
| 270-27 | Medical Malpractice Petition | None | Public record | Yes |
| 270-51 | Declaration | None | Signatures | Yes |
| 270-53 | Petition | None | Public record | Yes |
| 270-52 | Article | N/A, pending disposition of Pseudonym Order | N/A | Yes |
| 270-48 | Declaration of Records Custodian | N/A, pending disposition of Pseudonym Order | N/A | Yes |

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the rulings set forth herein shall govern the unsealing, sealing, and redaction of the 177 Disputed Documents pending further order of this Court.

**IT IS FURTHER ORDERED** that within 14 days of the date of this Order, the Plaintiffs shall submit a Memorandum setting forth their argument and evidence supporting their position that the Dr. Does should be allowed to proceed under pseudonyms, consistent with the standard established by the Circuit.  Defendants shall file an opposition, if any, within 10 days of the date Plaintiffs file their initial Memorandum. No reply briefs will be permitted.

**IT IS FURTHER ORDERED** that an evidentiary hearing is set for Tuesday, March 22, 2022, at 9:30 A.M. in Courtroom 2, to determine what basis, if any, exists to allow the Dr. Does to continue these proceedings under pseudonyms.[10] No post hearing pleadings will be permitted.

**IT IS FURTHER ORDERED** that pending further order of this Court, the Pseudonym Order remains in full force and effect.

---

[10] The Court notes that this is its first available opportunity to hold a civil evidentiary hearing due to a criminal jury trial which must proceed as scheduled due to the mandates of the Speedy Trial Act.

**IT IS FURTHER ORDERED** that the parties shall file the redacted documents as outlined herein within 14 days of the issuance of this Order.

Baton Rouge, Louisiana, this 7th day of February, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**